**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THERESA J. BARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| DEPARTMENT STORES NATIONAL | ) |
| BANK; MACY'S CREDIT OPERATIONS | ) |
| INC.; and TRANSUNION, LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff brings this action to secure redress for the unlawful misappropriation of her identity, name and credit, and the inappropriate and reckless failure to rectify the misappropriation. Plaintiff alleges violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA") and the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA").

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 1367 (supplemental jurisdiction) and 15 U.S.C. §§1640 (TILA) and 1681p (FCRA).

3. Venue in this District is proper because each defendant is subject to jurisdiction here.

### PARTIES

4. Plaintiff is an individual who resides in Cook County, Illinois.

5. Defendant Department Stores National Bank ("DSNB") is a corporation with its principal office located at 701 East 60th Street, Sioux Falls, SD 57104. It is engaged in the business of issuing credit cards. It does business in Illinois. It provides credit to customers of Macy's and other retailers.

6. Defendant Macy's Credit Operations, Inc. ("MCO") services and administers DSNB accounts originated through Macy's. It is an agent of DSNB. It has its principle office located at 7 W. Seventh St., Cincinatti, OH, 45202.

7. Defendant TransUnion, LLC is a credit reporting agency with its principle headquarters located at 555 West Adams Street, Chicago, IL.

## FACTS

8. Plaintiff was a victim of the identity theft ring that stole information from the files located at the Northwestern Physician's Group.

9. On or around October 25, 2009, defendant DSNB extended credit (account number 4382...) to an individual ("imposter") posing as plaintiff. The identity of the imposter is not known to plaintiff.

10. The account was obtained without the knowledge of or any benefit to plaintiff.

11. The account was used to purchase over $1,400 worth of merchandise from Macy's without the knowledge of or any benefit to plaintiff. The merchandise was paid for by the extension of credit by DSNB to the impostor. See Exhibit A

12. The imposter has not paid the account, resulting in harm to the plaintiff.

**Damages**

13. The above account has appeared on the credit reports of plaintiff and has been treated as an obligation of plaintiff by DSNB and MCO.

14. As a result, plaintiff's credit has been injured.

15. Plaintiff has suffered loss of time and aggravation as a result of defendants' conduct.

**Disputes Through Credit Bureaus**

16. During October 2009, having learned of the fraudulent activity described above, plaintiff filed a police report with the Chicago Police Department. See Exhibit B.

17. During this same time, plaintiff contacted the three credit bureaus and notified them that she had been a victim of identity theft.

18. Plaintiff also filled out fraud affidavits and sent them to nearly 20 stores at which fraudulent accounts had been opened. Defendant DSNB, through MCO, was among the stores to which plaintiff sent a fraud affidavit.

19. As of November 2011, all of the fraudulent accounts had been removed from plaintiff's credit report except the DSNB account.

20. On November 8, 2011, plaintiff, through counsel, sent a dispute letter to Experian demanding that any reference to the fraudulent DSNB account be removed. See Exhibit C.

21. On January 23, 2012, plaintiff, through counsel, sent a second dispute letter, this time to Experian, Equifax and TransUnion demanding that the fraudulent DSNB

account be removed. See Exhibit D.

22. On February 2, 2012, Experian responded indicating that the matter had already been investigated and resolved. See Exhibit E.

23. Plaintiff's Experian and Equifax credit reports have been corrected so that they no longer contain any reference to the disputed MCO/DSNB account.

24. On February 20, 2012, TransUnion responded by marking the account as current and paid in full, but did not remove the account from plaintiff's credit report. See Exhibit F.

25. The three credit bureaus contacted the issuer of the disputed credit card account, DSNB and MCO.

26. DSNB and MCO verified the disputed account to TransUnion, which continued to report the disputed account.

## COUNT I – FCRA

27. Plaintiff incorporates paragraphs 1-26.

28. This claim is against DSNB and MCO.

29. Defendants violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by maliciously and falsely responding to the credit bureaus, when they inquired regarding plaintiff's disputes, that the account belonged to plaintiff, when plaintiff submitted clear evidence that the account resulted from identity theft.

30. Section 1681s-2(b) provides:

**(b) Duties of furnishers of information upon notice of dispute.**

> **(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or**

> accuracy of any information provided by a person to a consumer reporting agency, the person shall
>
> > **(A) conduct an investigation with respect to the disputed information;**
> >
> > **(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**
> >
> > **(C) report the results of the investigation to the consumer reporting agency; and**
> >
> > **(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.**
>
> **(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.**

31. Defendants committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against defendants for:

    (1)    Appropriate actual, punitive and statutory damages;

    (2)    Attorney's fees, litigation expenses and costs of suit;

    (3)    Such other or further relief as the Court deems proper.

### COUNT II – TRUTH IN LENDING ACT

32. Plaintiff incorporates paragraphs 1-26.

33. This claim is against defendant DSNB.

34. DSNB issues credit to more than 26 individuals per year. It is accordingly "creditors" subject to TILA.

35. 15 U.S.C. §1642 provides:

**No credit card shall be issued except in response to a request or application therefor. This prohibition does not apply to the issuance of a credit card in renewal of, or in substitution for, an accepted credit card.**

36. Defendant DSNB issued a credit card to plaintiff without a request or application for such card by plaintiff and by issuing a credit card to an imposter and by reporting it to the credit bureaus as if it were plaintiff's account.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against defendant for:

(1) Appropriate actual and statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other or further relief as the Court deems proper.

## COUNT III – FCRA CLAIM AGAINST TRANSUNION

37. Plaintiff incorporates ¶¶1-26.

38. This claim is against TransUnion.

39. Under the Fair Credit Reporting Act, 15 U.S.C. §1681c-2, TransUnion is required to block information relating to identity theft within 4 days of the consumer providing it with a copy of an identity theft report.

40. TransUnion willfully or negligently failed to block the reporting of information relating to the DSNB account in question within four days of receiving a financial

identity theft police report and proof of plaintiff's identity, and instead continued to include the information in her file based on DSNB's verification of the account.

        41.       TransUnion violated 15 U.S.C. §1681n and/or §1681o.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against TransUnion for:

    (1)      Appropriate actual, punitive and statutory damages;

    (2)      Attorney's fees, litigation expenses and costs of suit;

    (3)      Such other or further relief as the Court deems proper.


                                    s/Daniel A. Edelman
                                    Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Rupali R. Shah
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)


## **JURY DEMAND**

Plaintiff demands trial by jury.

                                    s/Daniel A. Edelman
                                    Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)